United States v. Bert

## UNITED STATES COURT OF APPEALS

### FOR THE SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of February, two thousand sixteen.

PRESENT: ROBERT A. KATZMANN,
                              Chief Judge,
                DENNIS JACOBS,
                JOSÉ A. CABRANES,
                ROSEMARY S. POOLER,
                REENA RAGGI,
                RICHARD C. WESLEY,
                PETER W. HALL,
                DEBRA ANN LIVINGSTON,
                GERARD E. LYNCH,
                DENNY CHIN,
                RAYMOND J. LOHIER, JR.,
                SUSAN L. CARNEY,
                CHRISTOPHER F. DRONEY,
                              Circuit Judges.

- - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES of AMERICA,

    Appellee,

       - v.-                   14-2428

RAHEEM BERT, aka RAHEEM LINWOOD,
aka RADIO

    Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - - -x

For Appellee:           Douglas M. Pravda, Amy Busa,
                        Assistant United States Attorneys,
                        *for* Robert L. Capers, United States
                        Attorney for the Eastern District of
                        New York, Brooklyn, NY.


For Defendant-
Appellant:              James Darrow, New York, NY.




**ORDER**

Following disposition of this appeal, an active judge
of the Court requested a poll on whether to rehear the case
<u>en banc</u>.  A poll having been conducted and there being no
majority favoring <u>en banc</u> review, rehearing <u>en banc</u> is
hereby **DENIED**, with opinions to follow.



                        FOR THE COURT:
                        CATHERINE O'HAGAN WOLFE, CLERK

2

DENNIS JACOBS, Circuit Judge, joined by JOSÉ A. CABRANES, REENA RAGGI, and DEBRA ANN LIVINGSTON, Circuit Judges, dissenting from the denial of rehearing in banc:

I dissent from the denial of rehearing in banc.

A busy district judge took one year to decide a ramified suppression motion, and neglected to enter the periodic findings that delay was in the interest of justice. See 18 U.S.C. § 3161(h)(7). The judge acknowledged the violation of the Speedy Trial Act and dismissed the indictment without prejudice. A new indictment was returned, and defendant Bert was tried and convicted of being a felon in possession of a firearm and of possession of a firearm with an obliterated serial number. The panel majority concluded that dismissal *without* prejudice was an abuse of discretion, and directed that the indictment be dismissed *with* prejudice. United States v. Bert, 801 F.3d 125 (2d Cir. 2015) ("September 10 Opinion"). To arrive at that conclusion, the majority did some violence to settled law, and withheld from the district court the discretion confided to it by Congress.

The reader will notice that (other than Judge Pooler, who wrote the opinion, and Judge Hall, who signed on to it) not one of my colleagues-- including those voting against in banc review--will defend the merits of the panel

1

majority's September 10 Opinion.  The reader will also notice that, simultaneously with the order denying <u>in banc</u> review, the panel majority has withdrawn the September 10 Opinion; that says something about its reception. So the September 10 Opinion is now replaced with another, which remands for the district court to exercise discretion anew under the influence of fewer errors. I separately dissent from the new panel opinion; this dissent is limited to the errors in the panel majority's September 10 Opinion that are committed again in the revision.

## I

When the Speedy Trial Act is violated, dismissal is required; but the decision to dismiss with or without prejudice is unambiguously confided to the district judge, whose discretion is guided by four factors; and "neither remedy [is] given priority."  <u>United States v. Taylor</u>, 487 U.S. 326, 335 (1988); <u>see also</u> 18 U.S.C. § 3162(a)(2) (setting forth factors); <u>Taylor</u>, 487 U.S. at 340 (same); <u>United States v. Wilson</u>, 11 F.3d 346, 352 (2d Cir. 1993) (same).

Each of the four factors weighs decidedly on the side of dismissal *without* prejudice:

2

<u>Seriousness of the Offense</u>:  All panel members agree, and Bert concedes, that the offense was a serious one.  Bert is a felon who possessed a loaded gun with an obliterated serial number in the hallway of an apartment building and, when approached by police, threw the firearm out an open hallway window, heedless of whether anyone was playing in the courtyard below.  The seriousness of this charged gun possession is aggravated by Bert's prior felony convictions, which include possession of a gun used to commit a homicide--not to mention witness tampering and drug trafficking.  Bert's criminal history demonstrates that his possession of a firearm is a present and deadly risk to those who have to live in his vicinity.

<u>The Facts and Circumstances of the Delay, Including its Length</u>:  It is settled that, where the offense is a serious one, "an 'isolated unwitting violation' of the Speedy Trial Act cannot support a decision to dismiss with prejudice" "in the absence of a factually supported finding of bad faith or a pattern of neglect by the local United States Attorney."  <u>United States v. Hernandez</u>, 863 F.2d 239, 244 (2d Cir. 1988) (quoting <u>Taylor</u>, 487 U.S. 326, 334 (1988)).

Given the undisputed seriousness of the offense, the only question is whether there was bad faith or a pattern of neglect or delay by the United States

Attorney. There was none. The district court found that there was "no bad faith [or] pattern of delay on the part of the government," nor any "intentional acts on the part of the government to delay this case." Special App'x 32:19-22. The district court further found that the prosecution's failure to alert the court to the pendency of Bert's suppression motion or to request an ends-of-justice exclusion was "not . . . gross neglect or [a] pattern of neglect or an attempt to circumvent the Speedy Trial Act." Id. 30:8-10.

There is no claim or basis for thinking that these findings were error (clear or otherwise). Since the offense is serious and there was no bad faith or pattern of neglect, it would have been an abuse of discretion under Circuit law to dismiss *with* prejudice.

While all panel members agree that the one-year delay was lengthy, the panel majority initially concluded (erroneously) that the length of delay was sufficient to overcome Taylor and Hernandez (September 10 Opinion, 801 F.3d at 131-35)--notwithstanding that Hernandez (following Taylor) requires that, if the offense is serious, dismissal be without prejudice unless there is bad faith or neglect by the prosecution. The majority doubles down on the error in its new opinion, acknowledging Hernandez's restriction, but proposing that dismissal

4

with prejudice can be supported by a pattern of neglect by either the prosecution *or by the court.* For that proposition, the majority cites <u>United States v. Stayton</u>, 791 F.2d 17, 22 (2d Cir. 1986), as a case "where 'the court [had] ignored the persistent prodding of the government to decide the outstanding motions and proceed to trial.'" <u>United States v. Bert</u>, 14-2428-cr (2d Cir. Feb. 9, 2016), Maj. Op. at 9 n.6 (quoting <u>Stayton</u>, 791 F.2d at 21). But: "where" is not "because." The district court's failure in <u>Stayton</u> is recited as a procedural fact, but not as a fact that drives the holding. The new opinion therefore does not disturb the holding of <u>Hernandez</u>, which remains intact unless it is altered <u>in banc</u>.

<u>Prejudice to the Defendant</u>: It is uncontested that there was no trial prejudice. As to non-trial prejudice, Bert identified none; he is the one who would know, and it was his burden to show it. The panel majority relied on the presumption of prejudice that arises in connection with every violation; but the presumption itself cannot reasonably be deemed a variable that favors dismissal with prejudice, because it is invariable.

<u>The Impact of Reprosecution on the Administration of Justice and of the Speedy Trial Act</u>: Bert had already once been convicted of possession of a gun used to take a life; Bert concedes that he suffered no actual prejudice from the

5

trial court's delay; the delay was caused by the court, in the interest of justice; and there was no pattern of neglect or bad faith by the government, let alone by the court. Under these circumstances, freeing Bert to walk the streets of a community can only erode respect for the Speedy Trial Act.

## II

So why should we review this appeal <u>in banc</u>?

## A

The errors committed by the majority are important because they hamper, burden, delay, and confuse the straightforward analysis that governs the discretion of the trial judges. Fortunately, it is rare for circumstances to arise in which a trial judge must exercise discretion to dismiss under the Speedy Trial Act (with or without prejudice); but there are important reasons why the decision is confided to the discretion of the trial judge, who is closest to the events; and the more one cares about speedy trials, the more absurd it becomes to have matters delayed for many months simply by second-guessing the district court on appeal. Moreover, one of the factors guiding the decision to dismiss with or without prejudice is the impact on the interest of justice and on administration of the

statute--both of which are radically dis-served when an unrepentant recidivist convicted of a serious offense is released on the basis of nothing more than the ministerial failure of a busy district judge to declare that the time needed to decide a complex suppression motion was in the interest of justice.

**B**

An argument can be made that little is to be gained by hearing this appeal in banc because the errors are too obvious to warrant review by the entire Court. We have in the past denied in banc review on the rationale that the appeal was too complicated,[1] or not important enough,[2] or too important.[3] But we have not in the past denied in banc review because the opinion is too wrong.

---

[1] See All. for Open Soc'y Int'l, Inc. v. U.S. Agency for Int'l Dev., 678 F.3d 127, 132-33 (2d Cir. 2011) (Pooler, J., concurring in the denial of rehearing in banc) (preferring to leave resolution of case involving "a complicated body of law" to the Supreme Court because "[a]n en banc court would force us to wade into and inevitably clash over doctrines frequently in tension").

[2] See Young v. Conway, 715 F.3d 79, 79-87 (2d Cir. 2013) (B.D. Parker, J., concurring in the denial of rehearing in banc); Watson v. Geren, 587 F.3d 156, 158-60 (2d Cir. 2009) (per curiam; concurring in the denial of rehearing in banc).

[3] See United States v. Taylor, 752 F.3d 254, 256-57 (2d Cir. 2014) (Cabranes, J., dissenting from the denial of rehearing in banc) ("An oft-cited justification for voting *against* rehearing, perhaps counterintuitively, is that the case is '*too important* to en banc.'" (discussing Second Circuit in banc practice)); cf. Ricci v. DeStefano, 530 F.3d 88, 93 (2d Cir. 2008) (Jacobs, C.J., dissenting from denial of rehearing in banc) (criticizing Second Circuit practice of denying in banc rehearing on the ground that Supreme Court is likely to grant certiorari).

***

In my view, the importance of the case is a matter of: consistency of our Circuit law; comity and respect owed to our district court colleagues; and (what I had thought was) a shared interest in keeping guns out of violent hands.